**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0042-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

THOMAS ZULLINGER,

    Defendant-Appellant.

_____

Argued November 30, 2016 — Decided June 13, 2018

Before Judges Fuentes and Gooden Brown.

On appeal from Superior Court of New Jersey,
Law Division, Somerset County, Municipal
Appeal No. 25-15-C.

Scott A. Gorman argued the cause for
appellant.

Alexander Mech, Special Deputy Attorney
General/Acting Assistant Prosecutor, argued
the cause for respondent (Michael H.
Robertson, Acting Somerset County Prosecutor,
attorney; Alexander Mech, of counsel and on
the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

On November 20, 2014, Bridgewater Police Officer Daniel Hennessey charged defendant Thomas Zullinger with driving while intoxicated (DWI), N.J.S.A. 39:4-50 and improper parking, N.J.S.A. 39:4-138. On April 7, 2015, the Bridgewater Municipal Court heard and denied defendant's motion to suppress evidence. Defendant thereafter pled guilty to DWI, conditioned upon his right to appeal the denial of the motion to suppress to the Law Division as provided under Rule 7:7-2(c). The municipal court accepted the guilty plea and dismissed the improper parking charge.

Because this was defendant's second DWI conviction, the municipal court suspended his driving privileges for two years, imposed a series of mandatory monetary penalties, ordered him to pay a fine of $506 and perform thirty days of community service, directed him to install an interlock device on his car, and ordered him to serve two days in the Intoxicated Driver Resource Center in lieu of serving the same number of days in jail. See N.J.S.A. 39:4-50(a)(2).

Pursuant to Rule 7:13-2, the municipal court stayed the execution of the sentence provided defendant presented proof, within twenty days of imposition of the sentence, that he: (1) installed an interlock device in his car; and (2) filed a notice of appeal for a trial de novo in the Law Division pursuant to Rule 3:23-2. Defendant's de novo appeal of the denial of his motion

to suppress came before the Law Division on July 29, 2015.  After reviewing the record developed before the municipal court and considering the arguments of counsel, Judge Bruce A. Jones denied defendant's motion to suppress and imposed the same sentence. Judge Jones explained the basis for his ruling in a memorandum of opinion dated July 30, 2015.

In an order dated August 11, 2015, the Law Division stayed the non-monetary part of the sentence pending the outcome of defendant's appeal to this court.  In an order dated September 18, 2015, the Law Division granted the State's motion to limit defendant's use of his vehicle pending appeal "to travel to and from his employment and to carry out the duties required by his employment during work hours."  The court further restricted defendant's driving privileges to only "the vehicle on which an ignition interlock device is installed."[1]

Defendant now appeals from the order of the Law Division denying his motion to suppress, raising the following arguments.

> POINT I
>
> THE LOWER COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION TO SUPPRESS EVIDENCE BECAUSE AT THE TIME OF THE ARREST, THE ARRESTING OFFICER'S OBSERVATIONS OF DEFENDANT WERE INSUFFICIENT TO LEAD A REASONABLE PRUDENT

---

[1] The Law Division granted defendant's application for a stay before the Supreme Court decided State v. Robertson, 228 N.J. 138, 152 (2017).

A-0042-15T2

PERSON TO BELIEVE THAT DEFENDANT WAS INTOXICATED.

POINT II

THE LOWER COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION TO SUPPRESS EVIDENCE BECAUSE AT THE TIME OF THE ARREST, THE FACTS THAT WERE AVAILABLE TO THE ARRESTING OFFICER WERE INSUFFICIENT TO PERMIT AN INFERENCE THAT DEFENDANT WAS INTOXICATED AT THE TIME THAT HE OPERATED A MOTOR [VEHICLE].

We reject these arguments and affirm. We derive the following facts from Officer Hennessey's testimony at the evidentiary hearing conducted by the municipal court to adjudicate defendant's motion to suppress. Judge Jones relied on these same facts when he denied defendant's motion in the Law Division.

At approximately 2:55 a.m. on November 20, 2014, Officer Hennessey saw a 2007 Dodge Magnum parked on Heller Drive, "approximately two feet from the curb with its lights on." As he approached the car on foot, Hennessey noticed defendant in the driver's seat, "slumped over the center console." Defendant appeared to be asleep and the keys were in the car's ignition. There were no other occupants in the car.

Hennessey "banged on the windows several times" and shined his flashlight in defendant's face in an attempt to wake him up. When defendant finally woke up, Hennessey asked him if he knew "what time . . . he [thought] it was." Defendant responded "it

4

was around" one o'clock in the morning, when in fact it was two hours later. At this point, Hennessey "detected an odor of alcoholic beverage [sic]" emanating from both defendant and the interior cabin of the vehicle. Defendant also told Hennessey that he drove his car to the side of the road. At Hennessey's request, defendant stepped out of the vehicle and performed several field sobriety tests.

Because the motion to suppress was predicated on the police officer's initial interactions with defendant, the prosecutor opted not to present any evidence concerning how defendant performed these field sobriety tests. Judge Jones also found that the police report containing information on this process was not entered into evidence at the municipal court proceeding and was therefore not part of the record before the Law Division. However, Judge Jones did consider a November 24, 2014 Drinking-Report completed by Officer Hennessey that described the officer's observations of defendant's conduct after the latter stepped out of his vehicle:

> [A]s [d]efendant stood he swayed, his knees sagged, and he kept his feet wide apart for balance; his speech was slow and slurred; his demeanor was sleepy; his eyes were bloodshot and watery with droopy eyelids; his hand movement was slow; his face was flushed; and an odor of alcohol emanated from his breath.

On this record, Judge Jones concluded Officer Hennessey had probable cause to charge defendant with DWI and arrest him at the scene accordingly. We agree. Defendant's arguments attacking this conclusion lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially based on the reasons expressed by Judge Jones in his July 30, 2015 memorandum of opinion. The stay of execution of sentence entered by the Law Division on September 18, 2015 is vacated.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION